**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

NOV 7 2016

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| YI TAI SHAO, AKA Linda Yi Tai Shao, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> McMANIS FAULKNER, LLP; et al., <br><br> Defendants-Appellees. | No. 14-17063 <br><br> D.C. No. 5:14-cv-01137-LHK <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Northern District of California
Lucy H. Koh, District Judge, Presiding

Submitted October 25, 2016**

Before:     LEAVY, GRABER, and CHRISTEN, Circuit Judges.

Yi Tai Shao, AKA Linda Yi Tai Shao, appeals pro se from the district

court's judgment dismissing her 42 U.S.C. § 1981 action alleging discrimination

and state law claims in connection with a retainer agreement between Shao and

defendants.  We have jurisdiction under 28 U.S.C. § 1291.  We review de novo the

---

\*     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

district court's dismissal on the basis of the statute of limitations. *Lukovsky v. City & County of San Francisco*, 535 F.3d 1044, 1047 (9th Cir. 2008). We affirm.

The district court properly dismissed Shao's § 1981 discrimination claim as time-barred because Shao failed to file her action within the applicable statute of limitations. *See* Cal. Civ. Proc. Code § 335.1 (two-year statute of limitations for personal injury actions); *Lukovsky*, 535 F.3d at 1048 & n.2 (recognizing that actions cognizable under the pre-1990 version of § 1981 remain subject to forum state's limitations period for personal injury torts).

The district court did not abuse its discretion by denying Shao's motion to disqualify the district court judge and the entire Northern District of California. *See United States v. Johnson*, 610 F.3d 1138, 1147-48 (9th Cir. 2010) (setting forth standard of review and standard for recusal).

We do not consider arguments or facts that were not presented to the district court. *See Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999).

Shao's contentions that the district court failed to rule on a motion to strike and failed to comply with Federal Rule of Civil Procedure 58 are unpersuasive.

Shao's request for judicial notice, filed on October 8, 2015, is denied.

**AFFIRMED.**